No. 3715.—SUCCESSION OF H. JOHNSON—On Rule of EMILY HOFFMAN et als.

A particular legatee, as a general rule, can only claim interest on the legacy from the day the demand of delivery was made. R. C. C. 1626. But if, as in this case, the testatrix has fixed a day at which it becomes exigible, and the executrix charged with the execution of the will, which confers the legacy, has ordered its execution and has classed the legacy as a debt against the succession, then and in such case interest is due on the particular legacy from the date at which the testatrix has classed it as a debt.

APPEAL from the Parish Court of Pointe Coupee. *A. Bouanchaud*, Parish Judge. *Edward Phillips*, for opponents. *F. H. Farrar*, for executrix.

HOWELL, J. Mrs. Johnson, wife of the late Henry Johnson, by her last will gave her whole estate to her husband, except certain legacies to the plaintiffs in this rule, to be paid after the death of her husband, whom she appointed executor without security, and who probated the will and took possession without making an inventory, as suggested in

the will.   In his will he directed that the legacies made by his wife to the plaintiffs be paid by his executor as soon as practicable out of the first moneys collected of his estate.   These legacies have been paid in principal, but the plaintiffs are claiming, in this proceeding, interest thereon from the date of Henry Johnson's death.   The executor contends that these are particular legacies, on which interest can be claimed only from the date of a formal demand on him, which has never been made, and he cites articles 1626 to 1630 R. C. C. and 17 La. 312.

These articles would apply if plaintiffs were claiming from the succession of the donor, Mrs. Johnson, but they are claiming from the succession of Henry Johnson, who admitted the validity and binding form of his wife's will, and has directed its execution.   He accepted the legacy to himself, with the charges and conditions imposed on it by the testatrix, and he has by his conduct assumed the payment of the particular legacies as debts at the time fixed by the said testatrix, to wit: the date of his death.   They were, therefore, due at that date, and by law would bear interest from that date.   C. P. 989.

No question of the legality or validity of the dispositions of Mrs. Johnson's will is raised.   Her husband and universal legatee, as already remarked, has recognized their legality and ordered their execution.

Judgment affirmed.